**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABDOULAYE DIEME,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, MOSHANNON VALLEY ICE PROCESSING CENTER, *et al.*,<br><br>Respondents. | ) | Civil Action No. 3:26-cv-01445<br>Judge Stephanie L. Haines |

**MEMORANDUM OPINION**

Abdoulaye Dieme ("Petitioner") is an immigration detainee currently held at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), challenging his detention as unreasonably prolonged because his removal is not significantly likely in the foreseeable future. ECF No. 1. For the reasons that follow, the Petition will be **GRANTED**.

## I. BACKGROUND

Petitioner is a native and citizen of Senegal. ECF No. 1, p. 3; ECF No. 12-1, p. 4. He entered the United States on December 2, 2023, without being admitted or paroled, near Lukeville, Arizona. ECF No. 12-1, p. 4; *Dieme v. Oddo, et al.*, No. 3:25-cv-00405-SLH-RAL (W.D. Pa. Mar. 5, 2026), ECF No, 13, pp. 1-2. On April 3, 2024, Petitioner filed an I-589 Application for Asylum and Withholding. ECF No. 12-1, p. 4. On January 8, 2026, an immigration judge ("IJ") granted the Government's motion to pretermit Petitioner's asylum application based on the applicability of the United States Asylum Cooperative Agreement with Uganda and Petitioner was ordered removed to Uganda. *Id.* at pp. 4-8. Petitioner did not appeal that decision and the removal order is

administratively final.[1] ECF No. 12, p. 1.

On September 17, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") after reporting for a scheduled check-in appointment. ECF No. 1, p. 2; *Dieme v. Oddo, et al.*, No. 3:25-cv-00405-SLH-RAL (W.D. Pa. Mar. 5, 2026), ECF No, 13, p. 2. Since then, Petitioner has filed two habeas petitions. His first petition was dismissed as moot because his immigration case had progressed since the habeas filing and he was then subject to a final order of removal under 8 U.S.C. § 1231(a)(6) and ineligible for a Section 1226 bond hearing. *Dieme v. Oddo, et al.*, No. 3:25-cv-00405-SLH-RAL (W.D. Pa. June 10, 2026), ECF No, 15. His second petition was denied without prejudice to refiling because he had been detained for less than six months under a final order of removal. *Dieme v. Warden, et al.*, No. 3:25-cv-00828-MJH (W.D. Pa. July 6, 2026), ECF No, 10.

On July 27, 2026, Petitioner filed this Petition, Respondents opposed, and the matter has been fully briefed and is ready for disposition. ECF Nos. 1, 12, 13.

## II. DISCUSSION

Petitioner principally argues that his removal to Uganda is not significantly likely in the reasonably foreseeable future and that his continued detention therefore exceeds the period reasonably necessary to effectuate his removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1, pp. 7-12; ECF No. 13, pp. 1-3. He emphasizes that Uganda is not his country of nationality, that Respondents have not established Uganda's acceptance of him, and that no removal flight or anticipated removal date has been identified. ECF No. 1, pp. 7-12; ECF No. 13, pp. 1-3.

[1] The IJ's decision is dated January 8, 2026, but identifies January 9, 2026, as the appeal deadline, notwithstanding its express statement that the parties had 30 days to appeal. ECF No. 12-1, pp. 7-8. Because the Court concludes that the six-month presumptively reasonable period has elapsed under either possible deadline, the precise date of administrative finality does not affect its assessment of Petitioner's present detention.

Respondents counter that Petitioner failed to meet his burden under *Zadvydas* to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ECF No. 12, pp. 2-11. They maintain that ICE has taken affirmative steps toward removal, including submitting an Asylum Cooperative Agreement referral, nominating Petitioner for inclusion on a removal flight that was subsequently postponed, and inquiring as to any future removal flights to Uganda. *Id.* at pp. 5, 10-11; ECF No. 12-4, ¶¶ 11, 14, 16, 19. Respondents also rely on ICE's post-order custody review and the determination that Petitioner presents a flight risk. ECF No. 12, pp. 9-10; ECF Nos. 12-2, 12-3. Respondents, however, do not otherwise provide evidence addressing the present likelihood of removal, such as the identification of an anticipated removal date.

**A. Petitioner's continued detention under Section 1231.**

Under federal law, when a removal order becomes final, ICE has 90 days in which to remove a noncitizen from the United States and must detain the noncitizen during this period. *See* 8 U.S.C. §§ 1231(a)(1), (a)(2)(A). Because "[i]ndefinite, [or] permanent, detention" would raise serious constitutional concerns, after this 90-day period expires, continued detention is authorized only for so long as "removal is . . . reasonably foreseeable," with six months being recognized as a presumptively reasonable period of detention. *Zadvydas*, 533 U.S. at 699, 700-701. "This 6-month presumption, of course, does not mean that every [noncitizen] not removed must be released after six months." *Id.* at 701. To obtain release, the noncitizen still bears the initial burden to provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* If they make that showing, "the Government must respond with evidence sufficient to rebut that showing." *Id.* And as the period of post-removal detention grows, what counts as the "'reasonably foreseeable future' conversely . . . shrink[s]." *Id.*

As an initial matter, the parties agree that Petitioner's removal order is administratively final, that his present detention is governed by Section 1231(a)(6), and that the presumptively reasonable six-month detention period has expired. ECF No. 1, pp. 2-3, 7; ECF No. 12, p. 2 & n.1. Here, although Respondents have submitted evidence that ICE took affirmative steps toward effectuating his removal to Uganda, those efforts have not resulted in removal. Petitioner represents, and Respondents do not dispute, that the contemplated removal arrangements were interrupted and that, as of its last reported inquiry, ICE could not identify when transportation to Uganda would become available. Moreover, as Petitioner correctly notes, although Respondents represent that no additional documentation is necessary to effectuate Petitioner's removal, they have not expressly established that Uganda has agreed to accept him. *See* ECF No. 12-4, ¶¶ 12, 20; ECF No. 13, p. 2. Given the passage of five to six months[2] since the contemplated removal flight was scheduled to occur and with no foreseeability into when a future removal flight will be scheduled, the Court finds that Petitioner has provided good reason to believe that his removal is not significantly likely in the reasonably foreseeable future. The question then becomes whether Respondents have come forward with sufficient evidence to "rebut that showing." *Zadvydas*, 533 U.S. at 701.

Respondents have produced a sworn declaration by an ICE officer stating that "once all flights resume to Uganda, the petitioner will be scheduled as soon as possible." ECF No. 12-4, ¶ 20. But they have not established when the interrupted flight arrangements are reasonably likely to resume, nor identified any alternative transportation arrangements. Further, in the period since Respondents filed their response, they have not supplemented the record or otherwise advised the

---

[2] The sworn declaration submitted by the Government contains an apparent chronological error. It states that on or about June 14, 2026, Petitioner was nominated for a May 27, 2026 flight. ECF No. 12-4, ¶ 14. Because the nomination date postdates the purported flight date, the Court cannot determine from the declaration when the contemplated flight was scheduled to occur.

Court of any material progress toward effectuating Petitioner's removal. Respondents also rely on ICE's post-order custody review and the determination that Petitioner presents a flight risk. ECF Nos. 12-2, 12-3. Although that review establishes that ICE conducted an individualized custody assessment, it does not resolve the separate question of whether Petitioner's removal is significantly likely in the reasonably foreseeable future.

The Court finds this insufficient to rebut Petitioner's showing because "[a] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Pan*, 2025 WL 3960013, at *4 (quoting *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *4 (E.D. Tex. Aug. 2, 2025)). Accordingly, the Court finds that Petitioner's continued detention is therefore no longer authorized under Section 1231, as construed in *Zadvydas*.

## III. CONCLUSION

For the reasons set forth herein, the Petition will be **GRANTED**. An appropriate Order follows.

## <u>ORDER</u>

**AND NOW**, this 24th day of November, 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED** to the extent it seeks Petitioner's release from ICE detention.
2. Respondents shall immediately release Petitioner from ICE detention.
3. Nothing in this Order prevents Respondents from imposing lawful conditions of supervision consistent with the Immigration and Nationality Act and applicable regulations.

4. Respondents shall file a notice certifying compliance with this Order within seven days.

5. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

Stephanie L. Haines
United States District Judge